Exhibit C

```
            IN THE CHANCERY COURT FOR
          RUTHERFORD COUNTY, TENNESSEE
                AT MURFREESBORO

KEVIN FISHER, ET AL.                )
                                    )
        Plaintiffs,                  )
                                    )
vs.                                 )   No. 12-CV-853
                                    )
RUTHERFORD COUNTY REGIONAL          )
PLANNING COMMISSION, ET AL.,        )
                                    )
        Defendants.                  )
```
_____
              TRANSCRIPT OF PROCEEDINGS
                Wednesday, June 13, 2012
_____

APPEARANCES:

For the Plaintiffs:   Mr. Joe M. Brandon, Jr.
                      Law Office of Joe M. Brandon, Jr.
                      119 North Maple Street
                      Murfreesboro, Tennessee  37130
                      Mr. J. Thomas Smith
                      Attorney at Law
                      2020 Fieldstone Parkway, Suite 900
                      Franklin, Tennessee  37069

For the Defendants:   Mr. Josh McCreary
                      Cope, Hudson, Reed & McCreary
                      16 Public Square North
                      Murfreesboro, Tennessee  37133


Reported By:
George Ryan Bertram, LCR

            BERTRAM REPORTING SERVICES
                 (615)758-6496

Page 2

1  (The aforementioned cause came on to be
2  heard Wednesday, June 13, 2012, before the Honorable
3  Robert E. Corlew, Chancellor, beginning at
4  approximately 10:24 a.m., when the following
5  proceedings were had, to-wit:)
6
7  THE COURT: Counsel, good morning.
8  The matter before us today, then, is Chancery Docket
9  No. 12-CV-853. The parties are Kevin Fisher and others
10 versus Rutherford County Regional Planning Commission
11 and others.
12 Counsel, initially, I had inquired of
13 counsel informally -- and, for the record, it's 10:25.
14 We have a number of matters, of course, that are set on
15 our morning docket this morning. We dealt with some
16 other issues. I asked counsel informally, because this
17 is a new case, a new matter, just to be certain that
18 all counsel were satisfied to continue the same
19 agreements that you had entered in the prior case
20 regarding the issues of media and their presence in the
21 courtroom.
22 We're all aware of the fact that the
23 Supreme Court rule provides some restrictions on media,
24 unless there's agreement of the parties. And
25 previously the parties agreed those restrictions should

Page 3

1  not be placed.
2  Is that the continued agreement, then,
3  in this cause, Mr. Brandon and Mr. Smith?
4  MR. BRANDON: Yes, sir.
5  MR. SMITH: Yes, sir.
6  THE COURT: Mr. McCreary?
7  MR. MCCREARY: It is.
8  THE COURT: Very well. Are there
9  further preliminary issues for either side? Are we
10 here today strictly on arguments of counsel?
11 MR. BRANDON: Yes, sir.
12 THE COURT: Very well. Mr. Brandon,
13 we're happy to hear you.
14 MR. BRANDON: I suppose you really
15 didn't think that that was going to be the last time we
16 were here, back in May. So here we are again today.
17 And as the Court pointed out, we're here on a different
18 case number, although, we incorporated a lot of the
19 pleadings from Case No. 10-CV-1443.
20 Chancellor, you issued a memorandum
21 opinion on May 29th, 2012. As a result, the plaintiff
22 submitted an order, the defense submitted an order, and
23 the Court went ahead and drafted its own order that was
24 entered on June the 1st, 2012. Specifically, in the
25 Court's order, you held the decision of the Planning

Page 4

1  Commission of May 24, 2010, approving the site plan for
2  the ICM is hereby declared to be void ab initio, that
3  the decision having been made at a meeting which was
4  held in the violation of the Tennessee Open Meetings
5  Act.
6  In any other case, and I truly mean
7  any other case, that would have been the end of it. No
8  one would have had to come back up here, because the
9  Government would have enforced the decision of the
10 Court. But in this particular case, we are back up
11 here.
12 Now, the Court noted in Footnote 3 at
13 the bottom of page 3 of its order, that an injunction
14 is no longer within the scope. If you look at what we
15 asked for an injunction for, it was an injunction or
16 prohibition against the advocation of Shariah law in
17 Rutherford County. The Court dismissed those actions
18 on due process grounds based upon the plaintiffs not
19 showing -- or what the Court found, that they did not
20 show there was particularized injury. The Government
21 argues we've already come in on that particular issue.
22 That's what I would say to that one.
23 Second, the -- in your footnote, you
24 said the County can again reconsider this action,
25 basically, vote on it again. I think either in your

Page 5

1  memorandum opinion or in your order, you said, of
2  course, there's not going to be a public hearing there.
3  It's just vote on it. But that was there.
4  And, third, the Court said the
5  plaintiffs may seek an order to stop through a writ of
6  mandamus. Well, we attempted --
7  THE COURT: I think we said mandamus
8  or such other actions that were appropriate.
9  MR. BRANDON: Yes, sir.
10 THE COURT: We didn't restrict you one
11 way or the other.
12 MR. BRANDON: That's correct.
13 We waited. We tried to allow the
14 Government to do what's right, to follow the law. The
15 Government has made it clear, through what they have
16 spoken publicly, that they intend to do nothing
17 regarding that.
18 As late as yesterday, apparently,
19 there was another meeting held, and now they're saying
20 they're going to appeal. We already -- they have that
21 right. I'm glad we live in America where we have
22 rights to question things.
23 But we went ahead and filed our writ
24 of mandamus, and that's what we're here for today. The
25 truth of the matter is the Government has continued to

Page 6

1  allow the ICM to build.
2           Now, Rutherford County Zoning
3  Resolution 503 -- we reference this in our petition for
4  writ of mandamus -- provides all development shall be
5  required to file a site plan and shall not be entitled
6  to a zoning certificate until and unless the site plan
7  has been approved by the appropriate agency. Site plan
8  review and approval by the Planning Commission shall be
9  required for the following, and it has an A, B, C, D.
10          Under D, it provide all churches and
11 other religious structures in excess of 3,000 square
12 feet, clearly, there is a requirement for a valid site
13 plan. The Government does not have a valid site plan.
14          Now, parenthetically, they want to
15 argue, Hey, we did this like every other one. But that
16 wasn't the proof put forth at trial. On all their
17 others, thousands of other site plans reviews, they
18 have noticed the date, the time, and the location.
19 They had it on their website. This case was handled
20 entirely different from day one, and the Court so
21 found.
22          Also, under Section 22 of the County
23 Zoning Resolutions, under Article 22, Section 22, it
24 provides any person, firm, or corporation violating any
25 of the provisions of this resolution shall be deemed

Page 7

1  guilty of a misdemeanor, and upon conviction thereof
2  fined not more than $50. Each day's continuance of a
3  violation shall be considered as a separate offense.
4  And, quite frankly, that's where we are at the present
5  time.
6           Further, we referenced a TCA Section
7  13-7-111, which basically tracks that particular
8  government resolution. The plaintiffs have attached
9  affidavits to their petition for writ of mandamus,
10 according to the law, to show building is continuing.
11 The defendants are intentionally refusing to do
12 anything to stop construction, although it's within
13 their power. That's referenced in the affidavits.
14          This is nothing more than selective
15 enforcement of the law, and that's unacceptable. There
16 again, if this was any other entity, anybody else,
17 there -- this issue wouldn't be here today. The
18 Government would have issued a stop-work order. They
19 would have said, Go back through the process, if they
20 thought they could get passed a second time around, and
21 that's what would be going on. There wouldn't be
22 continued thumbing the nose to this particular Court in
23 words and in actions.
24          This case has been handled in a
25 clandestine manner since day one, from the Mayor and

Page 8

1  the Planning Director engaging in secret meetings with
2  the ICM -- that's just the truth. That's what the
3  evidence showed in this particular case.
4           And if they thought they didn't have
5  to have a valid site plan, then they would have known
6  that after these secret meetings with our government
7  officials. The highest of our officials had meetings
8  and said, This is what you've got to do to get it
9  approved. Now the Court has declared that to be void.
10          The Government argues that they have
11 30 days to ignore this Court's order because the order
12 is not final. Plaintiffs are not seeking an
13 enforcement of the court order, although we submit
14 we're entitled to that. We, rather, are seeking a
15 mandamus action for ministerial duties to be performed.
16          And, specifically, this Court said,
17 This Court retains continuing jurisdiction over the
18 parties and the subject matter of this lawsuit for a
19 period of one year and further regarding the site plan
20 for the Islamic Center of Murfreesboro.
21          The defendants also allege that, Look
22 if we do anything, we're going to violate RLUIPA and
23 RFRA. Well, earlier on in this case you held that
24 RLUIPA and RFRA did not apply to this particular case.
25          What the Government is really saying

Page 9

1  is that the ICM should be entitled to preferential
2  status, requiring less notice than that required for
3  ordinary tax-paying citizens. That's simply not the
4  law. I agree that the law says you cannot impose a
5  burden, but it doesn't say you make the door wider than
6  you make it for any other tax-paying citizen.
7           And, quite candidly, under this RLUIPA
8  and RFRA claim that the Government's advancing, this
9  opens the door for the plaintiffs to be able to show
10 special injury, which goes back to the Shariah risk
11 that the Court file is inundated with and sworn to. We
12 submitted depositions. We submitted live testimony
13 from Secretary of Defense Gaffney, from FBI Guandola,
14 from Stephen Coughlin. It's all through the Court
15 file.
16          If the Government is going to continue
17 to refuse to honor the orders of this Court, to
18 continue to refuse to perform their ministerial
19 actions, which are required under the law, it's not
20 going to be res judicata, it's going to come in under
21 showing special injury as a result of their refusal to
22 follow the law.
23          The Government, in their brief, talks
24 about a mandamus under Section 3. And they're correct
25 about what they say about the law, that there's three

Page 10
1  things -- three parts of it, that the plaintiff has a
2  clear right to the relief sought.  We do.  There's
3  zoning resolutions.  The Court can take judicial notice
4  of that.  The Court's heard all of this proof in this
5  case.
6          Two, that the defendant has a plainly
7  defined and preemptory duty to do the acts in question.
8  That's provided in the zoning resolution.  It's their
9  requirement to enforce the zoning regulations.
10         And, three, that's no other remedy.  I
11 mean, the other remedy is for some third party to take
12 some action and engage in civil disobedience.  No.
13 That would be inappropriate and improper.  That's the
14 reason we're back up here is to continue to follow the
15 law as we have since day one.
16         We may not have agreed with all the
17 rulings, and the Court may not have agreed with
18 everything we've tried to put on.  We've continued to
19 try to come in this courtroom and put on our case in a
20 succinct manner.  Now we're asking this Court to force
21 the Government to do what they're supposed to do.
22         Under the order of this Court, site
23 plan review is void; therefore, building permit is
24 void; therefore, they cannot issue any type of an
25 occupancy permit.  There again, you're retaining

Page 11
1  jurisdiction over this case.  That would appear to be
2  the next phase, a request for an occupancy request.
3  We're seeking enforcement of their duties under the
4  zoning resolution.  Again, I say that, not under the
5  order of this Court.
6          If the Court finds that the actions of
7  the Government are not ministerial, then an injunction
8  would be appropriate.  Under Rule 65.01, injunction may
9  redirect or direct or mandatorily direct the doing of a
10 particular act.
11         There again, if the Court finds it's
12 not ministerial, we would submit -- and we asked for
13 this in our petition -- for an injunction.  It's
14 broader than a mandamus.
15         And, basically, just to kind of paint
16 the picture, the Government's saying, We've been
17 through two years of litigation, now we're going to
18 appeal, but we're not going to do anything to enforce
19 this.
20         What is the Tennessee Open Meetings
21 Law about?  What are the consequences of it?  If you
22 say, No, we can continue to allow people to build.  We
23 understand they violated the law.  We disagree with
24 that, but you can give us no consequences.  We're above
25 the law.  Which raises the issue again, are government

Page 12
1  officials -- do they become intoxicated with power or
2  are they arrogant to begin with?  I'm not sure I
3  understand the answer to that.
4          The bottom line is the legislature has
5  given us laws, we all have to follow it, and the
6  Government needs to follow it at this point.
7          Thank you.
8          THE COURT:  Thank you.
9          Mr. McCreary?
10         MR. MCCREARY:  Good morning, Your
11 Honor.
12         Let me say at the outset, of course,
13 the defendants are not snubbing their nose at the
14 Court's order and certainly will comply with whatever
15 this Court orders.  However, there are a number of
16 issues and problems with the relief that's being
17 requested at this stage and in the manner it's being
18 requested.  Certainly, that's an issue the Court needs
19 to address and the defendants are entitled to bring to
20 the Court's attention.
21         The plaintiff suggests multiple times
22 this action now is not -- doesn't have anything to do
23 with the Court's previous order.  Of course it does.
24 Everything that is being requested here is predicated
25 on the Court's order that was entered June 1, 2012.

Page 13
1          That is to say if the -- if it's not
2  predicated on the Court's order, then the site plan in
3  question is not in question.  If the site plan in
4  question is not in question, then, of course, there
5  wouldn't be reason to stop construction.
6          As to the legal issues, specifically,
7  Your Honor, the order entered on June 1 is simply not
8  an order capable of enforcement at this stage.  That's
9  not to say it won't become an order capable of
10 enforcement.  The action being requested is simply
11 premature.
12         Our view is that Tennessee Rule of
13 Civil Procedure 62.01 and the associated case law
14 clearly says that until the expiration of 30 days, that
15 no party can enforce the order, meaning the defendants
16 can't enforce it, the plaintiffs can't enforce it.
17 It's just sort of in abeyance until the expiration of
18 that time period.
19         The reason for that rule, I think, is
20 clear and practical.  That is, both parties have an
21 opportunity during that time period, as the Court well
22 knows, to consider any sort of appropriate post-trial
23 motions, to consider appeal, and so forth.  And until
24 those types of efforts can be discussed with the
25 parties themselves, and the clients, and appropriate

Page 14

 1  actions taken, the order really just, for all practical
 2  purposes, sits there.
 3       So to come into this Court now under a
 4  separate case with a separate case number in an effort
 5  to really enforce that order is simply not proper at
 6  this stage. It goes beyond that. With all due respect
 7  to the Court, it's really an issue of jurisdiction.
 8  Because the case law spells out that in order for the
 9  Court to have jurisdiction, you have to have a
10  justiciable issue, and it has to be right.
11       Our posture at this point and
12  suggestion to the Court is that until that order is
13  final and the 30 days has expired, there's not a
14  justiciable issue here and the matter's not ripe. That
15  precludes the Court's jurisdiction at this point in
16  time.
17       We do contend that actions taken at
18  this point very well may violate the various Religious
19  Freedom Restoration Acts that have been alleged
20  throughout. We have maintained that from the outset of
21  the other case, and we maintain that that is the case
22  under the present lawsuit as well. I don't believe,
23  contrary to what counsel stated, that the Court ever
24  concluded that those acts do not apply or have
25  implications in this case. Certainly, we've been up

Page 15

 1  here a number of times, and the Court's made lots of
 2  comments. I don't recall a holding or an order to that
 3  effect.
 4       And if -- the issue is simple. Our
 5  position is that if the County is required to take
 6  action against this particular applicant, who is --
 7  that is there for religious use -- it is a mosque --
 8  that is distinct or different from actions taken
 9  against other religious uses, then there is at least
10  the potential for violation of those federal and state
11  laws.
12       The Court well knows at this point
13  that those statutes do not allow the County to treat
14  one religious organization differently than another,
15  and, frankly, to treat religious organizations
16  differently than nonreligious organizations. And so to
17  simply go out of turn here and pull a building permit
18  or issue a stop-work order would just fly in the face
19  of those requirements, at this stage anyway.
20       We also contend that this case -- and
21  probably this would be an appropriate subject of a
22  motion to dismiss at the right time. But this case
23  really is res judicata as a result of the first case.
24       As the Court knows, a res judicata
25  defense requires multiple elements. But if it is the

Page 16

 1  same parties or their privies, and it's the same case,
 2  or it could have been litigated in the previous case,
 3  then the res judicata defense applies here.
 4       Our position is that all of those
 5  elements are met. These are the exact same parties,
 6  with the only difference being the inclusion of David
 7  Jones, who is the building codes director. But the
 8  case law is clear it's the same parties or their
 9  privies. And the term "privy" means as unity of
10  interest, and certainly that would apply between the
11  County and the County's codes enforcement officer.
12       So we have the same parties here. We
13  have an action here that could have been litigated in
14  the first case and, in fact, in this instance was
15  litigated in the first case. The very first thing that
16  happened in the first case was we came in and had an
17  eight-day trial on whether or not there should be an
18  injunction to stop the construction.
19       So we've already been down this road.
20  The Court has heard proof on these issues of whether or
21  not there's some type of irreparable harm and so forth.
22  And we -- the defendants are not obligated under law to
23  defend the same action twice. This lawsuit is
24  res judicata, and the requested relief now certainly is
25  not appropriate.

Page 17

 1       We also contend that the mandamus
 2  remedy that's being requested is not an available
 3  remedy. As a general rule, mandamus is not a favored
 4  remedy against a governmental entity anyway. And where
 5  it can be utilized against a governmental entity, the
 6  circumstances are narrow and rare. And as the
 7  plaintiff, I think, has correctly pointed out, there is
 8  some law to suggest where it's nothing more than a
 9  ministerial act, perhaps mandamus can issue. But I
10  would submit to the Court that is not the case here.
11       Case law says in order to determine
12  that it's ministerial and for mandamus to apply, the
13  plaintiff has to have a clear claim and right to the
14  relief sought, number one; and, number two, that the
15  defendant has a plainly defined duty to do the act in
16  question. Respectfully, neither of those things exist
17  here.
18       The plaintiffs' right to relief
19  requested is predicated exclusively on the Court's
20  prior order. And not restating the prior order, we're
21  not in a position right now, before the expiration of
22  30 days, to enforce that order. And so there is no
23  clear right for the plaintiff to enforce anything or to
24  require any particular act.
25       Second, the defendant doesn't have a

Page 18

1  plainly defined duty in this instance.  That would mean
2  that the obligation is so clear that there's no
3  discretion involved in the action being requested.  And
4  clearly there is.
5             There's not been any evidence that in
6  every circumstance where there's a question about a
7  building permit that the codes director just goes and
8  issues a stop-work order or that he pulls a permit.
9  There may be a number of actions that he may take in
10 advance of that.  He makes decisions about how to
11 proceed based on any particular circumstance, and those
12 are discretionary acts.
13            And where there's discretion about
14 which steps to take, the Court is not to step in and
15 order any particular action, respectfully.  The law
16 doesn't support that where there is discretionary act
17 in question.  And here, there is.
18            As a final matter, the plaintiff
19 suggests there's no other remedy.  I'll submit to you
20 that there is another remedy, and that is this.
21 They've relied -- in their effort to try to suggest
22 they're not trying to enforce the Court order but are
23 relying somehow on a statute, they've cited this TCA
24 13-7-111.  Two things are noteworthy about the statute.
25            The first thing is there's no

Page 19

1  obligation under that statute for anybody to take any
2  particular action, even where there's construction that
3  may be arguably in violation of a zoning resolution.
4  If you read on down into the statute, it is simply a
5  grant of authority, or a right, if you will.
6             And it says "may."  These various
7  parties may take action to enforce it.  And under the
8  statute, it's not only the County or the legislative
9  body that can take action.  It specifically says the
10 Attorney General, the District Attorney, and it says an
11 adjacent property owner can take the action.  But it's
12 not against the County.  It's against the party who's
13 alleged to be in violation.
14            Which brings us to, yet again, a point
15 that's been raised a number of times.  That is the
16 ICM -- again, it's not a party to this litigation.
17 Respectfully, under Rule 19, that requires joinder of
18 certain parties, it is not possible for the plaintiffs
19 to get the relief that they're seeking without all of
20 the parties who will be affected present in the case.
21 That's what's happening here.  They continue to pursue
22 the County, and the County is sort of incidentally
23 involved at this point, based on the relief they're
24 seeking.
25            And, clearly, the statute that they

Page 20

1  rely upon does not -- it does provide other avenues for
2  the plaintiffs outside the one they're pursuing.  And
3  as a result of that, mandamus cannot lie, because the
4  elements for a mandamus order are not met.
5             They ask for injunctive relief in the
6  alternative of mandamus.  Again, respectfully, we've
7  been down that road once already.  Clearly here, the
8  plaintiffs -- there is no threat.  They have not showed
9  and they cannot show a threat of irreparable harm.
10            The only information submitted to the
11 Court that has anything do with irreparable harm is one
12 sentence, the last paragraph on one of the two
13 affidavits submitted with the complaint.  It simply
14 says, I'll suffer irreparable harm.  But that,
15 obviously, is a conclusory statement.  It's not
16 evidence, per se.  It's just a conclusion.  I'm going
17 to suffer irreparable harm.  There's no showing of
18 irreparable harm in this instance.
19            Moreover, any injury, I would assume,
20 that is argued to have occurred or is occurring, has
21 already occurred.  This building is substantially
22 complete.  We've already asked for an injunction two
23 years ago that was denied.  Now the building is
24 substantially complete.
25            If the plaintiffs believe that they

Page 21

1  are injured or irreparably injured, that injury,
2  presumably, has occurred to this point.  There's no
3  new, ongoing injury to occur.  Certainly, none has been
4  shown by the pleadings.
5             The Court, also in considering
6  injunctive relief, has to balance the harm between the
7  plaintiff and the defendant.  And, certainly, while the
8  plaintiffs have no irreparable injury here and haven't
9  shown any, the defendants do have the possibility of
10 being harmed by entry of an order.
11            Again, we have the threat, or at least
12 the possible threat, of being in violation of federal
13 and state religious acts.  We also have another party
14 out there who's affected by the action taken, if the
15 plaintiffs succeed here, that aren't parties to this
16 case.  That subjects the defendants to potential harm
17 in the form of other forms of legal action and so
18 forth.
19            So in just weighing the equities of
20 injunctive relief, on the one hand, the plaintiffs
21 aren't suffering ongoing irreparable harm, and the
22 defendants may suffer harm as a result of an order that
23 could be entered.
24            So with that, I will restate, Your
25 Honor, obviously the defendants will do whatever this

Page 22

1  Court orders. We're here to comply with those court
2  orders. The idea that somehow the defendants are
3  trying to snub their nose at the Court and so forth is
4  simply incorrect.
5       Just as a practical matter, there has
6  to be a time period for the parties to decide what
7  action they want to take in response to a final order.
8  And the law sets that out. And efforts to enforce the
9  order at this stage are premature. They can be
10  addressed at an appropriate time, depending on what
11  actions are taken by the parties in response to the
12  Court's order.
13       THE COURT: Thank you, sir.
14       Mr. Brandon?
15       MR. BRANDON: Just briefly, Judge.
16  He -- it's kind of the tale of the tale about the last
17  six sentences from his last sentence. He said, We have
18  the threat of violating RFRA from the folks out there
19  building. That is Shariah law. Their law trumps our
20  laws.
21       Stated another way, Chancellor, don't
22  make us do what we're obligated to do, because the
23  folks at the ICM are threatening us.
24       We're asking this Court to follow the
25  law, make the Government follow the law, and grant us

Page 23

1  the relief we're seeking.
2       THE COURT: Thank you.
3       MR. MCCREARY: Your Honor, can I
4  briefly -- I need to briefly respond to that briefly.
5  I did not say we had been threatened. I said there is
6  a threat. That is a legal threat. There are laws out
7  there that apply in this situation.
8       THE COURT: Very well.
9       Mr. Brandon, anything further?
10       MR. BRANDON: No, sir.
11       THE COURT: Counsel, let me appreciate
12  the excellence of your presentations in this matter as
13  well.
14       I will recognize, and I think counsel
15  recognized, the issue with which the Court dealt in the
16  former case. The issue really, in our second phase, I
17  guess, of the former trial, the former hearing, really
18  dealt only tangentially, I'll suggest to you, with the
19  issue of the construction that was ongoing and so
20  forth. The issue, frankly, was the duty of the
21  Government, then, to make substantial efforts, then --
22  or make some efforts to notify members of the public as
23  to what the issues were that were going to be
24  determined.
25       We live in a time, I think, where

Page 24

1  transparency in government is probably becoming a buzz
2  word. And I won't go over the facts that were
3  presented in the former case. The Court found
4  substantial concerns, setting aside the newspaper
5  publication for a moment, the issues dealing with the
6  website and the proof that was presented there that
7  the -- while the advertisement in the paper suggested
8  that it was a meeting scheduled -- regular meeting
9  subject to change, and the proof then showed that the
10  website regularly and routinely showed the meetings and
11  generally the agenda. The proof here was the date,
12  even, of this meeting didn't come up on the website
13  before the meeting was held.
14       There were other facts that I won't
15  deal with in detail. We determined not that the
16  construction was improper or any of those other
17  factors, we simply determined that, in fact, the
18  meeting was not conducted in accordance with the
19  Tennessee Open Meetings Law. For substantial facts and
20  substantial reasons, I'll suggest to you that any other
21  decision in that regard takes a gigantic leap backward
22  in the duty of governments to be open and to allow
23  citizens to be informed as to the workings of their
24  government. That really is all we dealt with.
25       The Tennessee law says that when the

Page 25

1  meetings are not properly open, that any action that is
2  taken at that meeting is void. Our decision, of
3  course, dealt only with this one particular issue.
4  And, of course, again, we had to consider those facts
5  concerning the totality of the circumstances, which in
6  this case had to include the fact that this was a
7  matter which -- a matter in which the citizens had
8  tremendous interest.
9       Now, that having been the case, we did
10  enter our opinion. And as both counsel have
11  acknowledged, there was a difference of opinion as to
12  what properly should be contained within the order.
13  And maybe it was more stylistic than substantive.
14  Although, I'll suggest, perhaps, there were some
15  substantive differences in the order.
16       The Court considered both positions
17  for both counsel and recognizes, again, the -- again,
18  further the responsibility that counsel of both sides
19  showed. The first draft -- submitted draft of the
20  order submitted by the plaintiff was almost immediately
21  after the entry of the opinion. And although defense
22  has, under our rules, five days to respond, I think
23  defense responded, I think, almost immediately. And
24  the Court then, upon consideration of both of those
25  orders, entered, as you folks have suggested, our own

Page 26
1  order. That was entered on, of course, June 1st. The
2  sides -- both sides differ as to the enforcement of the
3  court order, the time frame of when that order should
4  be enforced.
5           I do recognize that there are some
6  orders that must be enforced immediately. For example,
7  orders dealing with criminal contempt, dealing with the
8  duty of the Court to maintain the peace and dignity in
9  the judicial proceedings, those must be enforced
10 immediately upon the oral statement of the Court. And
11 to find otherwise would, in fact, not allow court
12 proceedings to proceed in an orderly manner.
13          There are other orders, of course,
14 involving particularly civil money judgments, I'll
15 suggest, that are generally issued by our Circuit
16 Courts. Those, almost without exception, are entered
17 and do not become final until 30 days have elapsed.
18 And there's new opportunity to execute on those
19 judgments until the lapse of 30 days, again, absent
20 unusual circumstances.
21          And an equity court, of course, can
22 issue an attachment, then, as to the funds, if unusual
23 circumstances are shown. And that can occur in less
24 than 30 days after the judgment and, as a practical
25 matter, prior to the judgment being issued in some

Page 27
1  cases.
2           The issue here, then, is whether there
3  is a circumstance, respectfully, that's -- that's so
4  pervasive we should enter the order in less than the
5  30-day time period. The defense suggests that perhaps
6  we, in essence, are without jurisdiction to enter such
7  an order. I would remind all counsel, of course, this
8  is a court of equity.
9           On the other hand, I would question,
10 respectfully, whether there is the manifest
11 circumstance or need for the unusual step; admittedly,
12 that it is unusual to enter an order enforcing the
13 judgment in a time period less than 30 days.
14 Respectfully, I don't think I can find that.
15          We'll deal with the injunction issue
16 in just a moment. Injunctive relief, obviously, is
17 different and comes under a different rule of
18 procedure.
19          So I would suggest to you,
20 respectfully, we obviously will be here and available
21 the first week in July. The 30th judicial day, I
22 suppose, after June 1 is going to be Monday, July 2nd,
23 because of the rules concerning judicial days and when
24 the 30th day falls on a weekend. We'll be here the
25 first week in July if hearings are requested or set at

Page 28
1  that point in time.
2           The issue -- I suppose I should
3  address just briefly the defense's assertion that, in
4  fact, there would be potential violation of the federal
5  and state Religious Freedom and Restoration Acts. And
6  the reading or wording of those acts in elementary, I
7  guess, and summary form essentially says that all of
8  these applications should be treated in a like manner.
9  And I would suggest to you that that means where site
10 plans are required, site plans must be approved at a
11 proper and appropriately advertised or noticed meeting,
12 which, obviously, is an issue here.
13          The County also suggests to us that
14 these issues are res judicata. We understand the
15 County's argument to be because these matters were
16 presented on preliminary injunction or request for
17 preliminary injunction, the Court can't consider them
18 further and that those are closed and concluded. And,
19 respectfully, I don't understand that to be the law
20 when the Court makes preliminary rulings concerning
21 injunctive relief.
22          Obviously, if we grant the injunctive
23 relief, we subsequently can enter an order which
24 affirms that preliminary ruling or which reverses it.
25 And, likewise, just because we find that the stringent

Page 29
1  requirements for injunctive relief are not met doesn't
2  prevent us to from ultimately making a determination at
3  the conclusion that relief is appropriate to the
4  contrary.
5           Whether mandamus action will lie, I
6  recognize both counsel are arguing in opposite
7  fashions. No one has suggested whether or not the
8  petition, as it affects the County, should be brought
9  or initiated or be joined in with the State Attorney
10 General. I raise that only because I trust that
11 between now and a subsequent hearing, if that is later
12 scheduled after the running of the 30 days, that that's
13 something counsel may want to address. And to the
14 extent we are able, it would certainly be our hope
15 that, to the extent we can, we deal with merits and not
16 technicalities. But, obviously, it's our duty to
17 enforce the law, even if it may be considered technical
18 in some fashions.
19          The issue, then, that further remains
20 is that concerning the injunctive relief. We
21 recognize, obviously, that any decision that we make is
22 certainly subject to appeal. I suppose any Court,
23 other than United States Supreme Court, is subject to
24 having their decisions reviewed, and rightfully so.
25          We recognize that the decision we make

Page 30

1 is subject to review by the intermediate Court of
2 Appeals, which certainly has jurisdiction superior to
3 ours and by whose decisions we are governed. And,
4 similarly, that Court, obviously, is subject to the
5 decisions of our State Supreme Court.
6            And where the appropriate findings are
7 made, even our State Supreme Court are subject to the
8 decisions of the United States Supreme Court in such
9 actions where that Court chooses to accept the
10 opportunity, then, to deal with those cases. So we
11 recognize that there always is the opportunity for
12 appeal.
13            And at this point, obviously, appeal
14 is certainly -- it's not discretionary with the
15 Appellate Court, it's at the subsequent levels.
16 Whether the Court hears those cases may be
17 discretionary. It's not from the Trial Court to the
18 Appellate Court.
19            Nonetheless, we recognize again that
20 absent some further ruling, parties are bound by the
21 decisions of the Trial Court unless and until those
22 decisions are stayed or reversed, either through the
23 action of the Appellate Court or through some further
24 action of the Trial Court. But absent that ruling, we
25 contemplate, of course, that the decisions we make, of

Page 31

1 course, will become enforceable, then, after the 30-day
2 time period.
3            I would hasten to suggest, as I have
4 done repeatedly in this case, that there is,
5 respectfully nothing in our ruling which in any way
6 prevents the defendants from properly noticing and
7 properly holding a further meeting and considering
8 these very same issues which were raised previously.
9 In fact, it may be considered, perhaps, that the group
10 of citizens -- which you folks have referenced as the
11 "ICM" -- but the group of citizens had a petition -- or
12 not a petition, but a request, whatever it may be
13 properly termed, before the defendant for approval of a
14 site plan at an appropriately noticed meeting.
15            As we contemplate, that still hasn't
16 occurred. There's nothing in our ruling, nothing in
17 our decision that prevents the defendant from holding
18 that meeting under conditions which are appropriate and
19 in accordance with our memorandum of opinion and our
20 order. And, respectfully, whatever decision is made at
21 that point by that defendant body may, in fact,
22 significantly affect the decisions that we have before
23 us. There's nothing that we have ruled that would
24 prevent that subsequent meeting from being held.
25            I will suggest that at this point,

Page 32

1 considering the ruling that we have made, if, in fact,
2 the plaintiffs are seeking the order of the Court,
3 under Rule 65, to order that the County not issue
4 further process -- whatever those orders may be
5 called -- further process regarding the construction of
6 this facility, in light of the ruling that we have
7 made, that it would appear that the probability of the
8 success on the merits as to that issue is pretty
9 substantial.
10            The County Planning Resolution has
11 been introduced to us previously. We've considered
12 those terms. And, perhaps, there's no dispute that in
13 this case there has to be an approved site plan before
14 there can be an occupancy permit -- if that's the term
15 the County uses -- that would be issued. So I think
16 the plaintiffs, then, would be entitled to that
17 injunctive relief at this point in time.
18            The provisions of Rule 65 always
19 require that a bond be required anytime an injunction
20 is issued, unless, of course, there was some means or
21 some circumstance where the Court should waive that
22 bond. I don't see that before us here. And unless
23 there are further issues that the Court should
24 consider, it appears proper to us to require
25 25,000-dollar bond for the issuance of that injunction.

Page 33

1            I believe that fairly deals with the
2 issues that both sides have raised. I suppose it's
3 appropriate that we follow the same procedure that we
4 have followed previously.
5            Mr. Brandon, we'll impose on you to
6 draw the first draft of the order from today's
7 proceeding.
8            Mr. McCreary, contemplating that
9 perhaps there may be a difference of thought as to the
10 wording in that order, we certainly would welcome the
11 objection to that order and competing order. And the
12 Court, then, will either enter one of the orders or
13 will, in fact, draw our own order as we've done in the
14 past.
15            Further matters?
16            MR. MCCREARY: Yes, sir. You said the
17 defendant is enjoined from further process. I don't
18 know --
19            THE COURT: Specifically dealing with
20 the occupancy permit, if that's the term you use.
21            MR. MCCREARY: Okay. Is it limited to
22 that? It can't issue a certificate of occupancy?
23            THE COURT: Yes, sir.
24            MR. MCCREARY: Okay. Right. And
25 that's the limitation. I'm asking because I presume,

Page 34

1  for example, if you have a building permit, someone
2  goes and inspects the building periodically.  Does that
3  mean you can't do that?  Does that mean -- I don't know
4  what "processes" are.  So if we're limiting it to the
5  certificate of occupancy, I understand that.
6          THE COURT:  That's the limitation of
7  our injunction.  We contemplate that the County, of
8  course, as a law-abiding citizen, is going to recognize
9  the needs regarding construction that's ongoing in the
10 absence of a site plan.  That's something that's going
11 to address itself, I think, at this point, at least, to
12 the County and to the decisions that they make.
13         MR. MCCREARY:  Okay.
14         THE COURT:  Further matters,
15 Mr. Brandon?
16         MR. BRANDON:  No, sir.
17         THE COURT:  Thank you, folks.
18             (Proceedings concluded at
19                 11:11 a.m.)
20
21
22
23
24
25

Page 35

1       REPORTER'S CERTIFICATE
2  STATE OF TENNESSEE  }
3  COUNTY OF WILSON    }
4          I, George Ryan Bertram, Licensed Court
5  Reporter, and Notary Public for the State of Tennessee,
6  with offices in Mt. Juliet, Tennessee, hereby certify
7  that I reported the foregoing proceedings at the time
8  and place set forth in the caption thereof; that the
9  proceedings were stenographically reported by me; and
10 that the foregoing proceedings constitute a true and
11 correct transcript of said proceedings to the best of
12 my ability.
13         I FURTHER CERTIFY that I am not
14 related to any of the parties named herein, nor their
15 counsel, and have no interest, financial or otherwise,
16 in the outcome or events of this action.
17         IN WITNESS THEREOF, I have hereunto
18 affixed my official signature and seal of office this
19 2nd day of July, 2012.
20
21         _____
22         GEORGE RYAN BERTRAM, LCR #391
           Court Reporter and Notary
23         Public in and for the State
           of Tennessee
24
25 My Commission Expires:
   January 26, 2014